UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARY SHARP                                          CIVIL ACTION NO.:

VERSUS                                               DIVISION / JUDGE

SCHINDLER ELEVATOR CORPORATION            SECTION / MAGISTRATE
AND XYZ INSURANCE COMPANY

---

### NOTICE OF REMOVAL

---

Schindler Elevator Corporation ("Schindler"), sought to be made a Defendant in this matter, while reserving all rights and defenses, including, but not limited to, all defenses contained in Rule 12 of the Federal Rules of Civil Procedure, respectfully represent that it desires to remove this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and that removal on the grounds of diversity of citizenship is proper for the reasons stated below:

### STATEMENT OF GROUNDS FOR REMOVAL

1.      On or about November 2, 2011, Plaintiff, Mary Sharp, filed a Petition for Damages against Schindler in the Civil District Court for the Parish of Orleans, State of Louisiana (the "state court"), bearing docket number 2011-11662, Division "M-13" (the "state court action").  A copy of the Petition for Damages is attached here as Exhibit "A."

2.      Schindler was served with Plaintiff's Petition for Damages on November 8, 2011, as shown by the Notice served on Schindler's Agent for Service of Process, attached here as Exhibit "B."

3.      In Article 5 of Plaintiff's Petition for Damages, Plaintiff described her injuries from the elevator incident as "injuries to the structure, tissues, and musculature of her body,

which injuries include, but are not limited to, the cervical and lumbar spine with upper and lower extremity pain and symptoms."

4.      In Article 9 of Plaintiff's Petition for Damages, Plaintiff itemized her damages resulting from the incident to include physical and mental pain and suffering, medical expenses, emotional distress, loss of enjoyment, and any and all other elements of damages.

5.      On November 21, 2011, undersigned counsel wrote plaintiff's counsel indicating that the extent of his client's damages could not be ascertained based upon the Petition for Damages, and asked plaintiff's counsel to sign an Irrevocable Stipulation and Agreement regarding his client's damages, if the amount in controversy did not exceed $75,000, exclusive of interest and costs.  A copy of the proposed Irrevocable Stipulation and Agreement is attached hereto as Exhibit "C."

6.      On November 30, 2011, within 30 days of service of process on Schindler, plaintiff's counsel wrote undersigned counsel indicating that he could not sign the Irrevocable Stipulation and Agreement because "he has no ability to see into the future," but stated in his correspondence that, "the value of the case at this point in time clearly does not exceed $75,000," and concluded, "I think it would be improvident for you to remove this case because this case clearly does not have a $75,000 value at this point in time."  A copy of the correspondence of plaintiff's counsel of November 30, 2011, is attached hereto as Exhibit "D."

7.      On December 7, 2011, undersigned counsel wrote plaintiff's counsel acknowledging receipt of his correspondence that the current amount in controversy did not exceed $75,000, and re-affirmed that Plaintiff's damages could not be determined based upon the face of the allegations in Plaintiff's Petition for Damages.  The correspondence further referenced a prior telephone conference with plaintiff's counsel, where it was indicated there had

been little time for medical treatment since the incident, and plaintiff's counsel had no knowledge of any test results.  It was further documented that Schindler had not received any settlement demands, medical records, or any other information regarding the potential value of the claim.  The correspondence further noted the injuries identified in the Petition for Damages only reflected soft tissue injuries, and that Plaintiff had not requested a jury demand.  The correspondence concluded there was insufficient documentation, at the time, to remove the action to federal court, and requested plaintiff's counsel to correct any possible misunderstanding regarding the amount in controversy, in writing.  A copy of the correspondence of undersigned counsel of December 7, 2011, is attached hereto as Exhibit "E."

8.     Schindler and undersigned counsel never received a response to their correspondence of December 7, 2011, to suggest there was any misunderstanding regarding the amount in controversy, at the time.

9.     On or about December 14, 2011, Schindler submitted Interrogatories, Requests for Production of Documents and Things, and Requests for Admissions to Plaintiff.  A copy of the written discovery to Plaintiff of December 14, 2011, is attached hereto, *in globo*, as Exhibit "F."

10.     On or about February 27, 2012, Schindler received Plaintiff's Answers to Defendant's First Set of Interrogatories, Plaintiff's Responses to Request for Production of Documents, and Plaintiff's Responses to Request for Admission.  Plaintiff's discovery responses included medical records regarding the treatment of Plaintiff and, for the first time, provided Schindler and undersigned counsel with any documentation regarding Plaintiff's medical treatment or expenses.  A copy of the written discovery responses of Plaintiff are attached hereto, *in globo*, as Exhibit "G."

11.    In Plaintiff's written discovery responses served on February 27, 2012, Plaintiff, for the first time, changed her position regarding the amount in controversy.  Plaintiff was asked to admit, in Request for Admission No. 16, that the amount in controversy "*currently* does not exceed the sum of $75,000," and Plaintiff responded that, "After reasonable inquiry, Plaintiff can neither admit nor deny as information known or readily available to her is insufficient to enable her to admit or deny."  Plaintiff's position was, for the first time, *contrary* to Plaintiff's prior position that, "the value of the case at this point in time clearly does not exceed $75,000," as set forth in counsel's correspondence of November 30, 2011.

12.    On or about February 27, 2012, Schindler learned, for the first time, through Plaintiff's written discovery responses and provided medical records, that Plaintiff was diagnosed with a bulging disc at L4-5, which her physician considered to be causally related to the elevator incident.  The medical records also established that Plaintiff continued to suffer severe neck and back pain, over four months after the incident, and Plaintiff had been diagnosed with depression and post traumatic stress disorder from the incident.  The medical records further documented that Plaintiff was to consult with a neurosurgeon for recommended epidural steroid injections, that Plaintiff was referred to a psychiatrist, and that cervical disc bulges and stenosis were also considered causally related to the incident.  Lastly, Plaintiff's physical therapy was not successful, and Plaintiff's medical expenses, to date, were over $10,000.  See Exhibit "G," including the highlighted medical records, additionally attached as Exhibit "H."

13.    The case stated by the initial Petition for Damages filed by Plaintiff was not initially removable, as Plaintiff's alleged damages could not be determined based upon the face of Plaintiff's Petition for Damages and, when further clarification was sought from plaintiff's counsel regarding the amount in controversy, plaintiff's counsel subsequently wrote undersigned

- 4 -

counsel on November 30, 2011, stating that the value of the case "clearly" did not exceed $75,000, at that time.

14.     This Notice of Removal is being filed within 30 days after receipt by Schindler, through service or otherwise, of a copy of "other papers," from which it may now be ascertained, for the first time, that Plaintiff is claiming the amount is controversy exceeds $75,000, as required by 28 U.S.C. §1446(b).

15.     This Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. §1332(a), as there is complete diversity of citizenship, the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and this action may be removed to this Honorable Court pursuant to 28 U.S.C. §1441.

## PARTIES

16.     Plaintiff, Mary Sharp, is a citizen, resident, and domiciliary of the State of Louisiana.

17.     Schindler is a foreign corporation organized under the laws of the State of Delaware and has its principal place of business in New Jersey.  (See Exhibit "I")

18.     XYZ Insurance Company is a fictitiously-named defendant.

19.     The Court shall disregard the citizenship of any fictitiously-named defendant, in this case, a fictitiously-named insurance company.

20.     Complete diversity of citizenship is therefore present between Plaintiff and Schindler, and any other fictitious defendant, "XYZ Insurance Company."

## AMOUNT IN CONTROVERSY

21.     Plaintiff's Petition for Damages seeks recovery of damages for personal injuries allegedly sustained by Mary Sharp in an elevator incident alleged to have taken place on August

22, 2011, in New Orleans, Louisiana. The nature of this alleged incident is more fully stated in the Petition for Damages.

22.     Plaintiff alleges that Mary Sharp suffered damages, including physical and mental pain and suffering, medical expenses, emotional distress, and loss of enjoyment of life.

23.     Plaintiff did not allege a specific dollar amount in her Petition for Damages, nor did Plaintiff request a jury trial.

24.     On or about February 27, 2012, undersigned counsel subsequently received an "other paper" in Plaintiff's Responses to Request for Admission, indicating that Plaintiff was no longer denying the amount in controversy regarding any damages, exclusive of interest and costs, did not exceed the sum of $75,000.

25.     On or about February 27, 2012, undersigned counsel subsequently received an "other paper" in Plaintiff's Answers to Defendant's First Set of Interrogatories, itemizing that Plaintiff's medical bills currently total $10,110, and documenting her injures through the medical records attached to Plaintiff's Responses to Request for Production of Documents.

26.     On or about February 27, 2012, undersigned counsel received "other papers" in Plaintiff's Responses to Request for Production of Documents, which included medical records of Plaintiff's treatment subsequent to the alleged incident. The medical records document that, approximately five months after the incident: Plaintiff provided her treating physician with "two sheets of complaints"; Plaintiff was suffering continuing pain in her neck and low back, which she rated as "8 out of 10 in severity"; Plaintiff's right hand was so weak that she could no longer hold on to hand sanitizer; Plaintiff was suffering from depression and post traumatic stress syndrome requiring psychiatric and/or psychological care; Plaintiff was diagnosed with a bulging disc at L4-5, which was considered to be related to the incident; Plaintiff had no back pain prior

to the incident; Plaintiff was suffering from bulging disc and central canal stenosis of the cervical spine, which was considered to be related to the incident; and Plaintiff had been referred to a neurosurgeon for recommended epidural steroid injections.

27.     On or about March 7, 2012, and March 9, 2012, undersigned counsel received correspondence of Plaintiff's counsel, which included supplemental medical records regarding Plaintiff's continuing medical treatment.   The records establish that: Plaintiff continues to complain of severe pain to her neck, mid back, and low back, six months after the incident; Plaintiff has developed a knot in her right arm with swelling and pain; Plaintiff continues to have decreased range of motion in her neck and low back; Plaintiff may now be suffering from reflex sympathetic dystrophy syndrome; Plaintiff has been referred to additional physicians; Plaintiff recently reported head pain radiating down to her right arm, and numbness in her right face and neck; and Plaintiff's physicians continue to relate all of her complaints to the elevator incident of August 22, 2011.  (See Exhibits "J" and "K")

28.     Based upon the allegations described by Plaintiff, Plaintiff's subsequent written discovery responses, which no longer deny that the amount in controversy exceeds $75,000, and Plaintiff's medical records establishing that Plaintiff is claiming bulging discs in her neck and back related to the incident, severe neck and back pain over six months after the incident, post traumatic stress syndrome and depression, a referral to a neurosurgeon for recommended epidural steroid injections, and medical expenses exceeding $10,000, it appears that the amount in controversy exceeds the $75,000 jurisdictional requirement of this Court, exclusive of interest and costs.

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

29.     All defendants have been contacted and concur in the removal of this action, as Schindler is the only non-fictitious party defendant.

30.     Schindler has sought no similar relief with respect to this matter.

31.     The prerequisites for removal under 28 U.S.C. §1441 have been met.

32.     Promptly upon filing this Notice of Removal, written notice thereof is being given to the adverse party as required by law.  (See Notice of Filing of Notice of Removal attached as Exhibit "L")

33.     Schindler files this Notice of Removal without waiving any defenses available to it, including, but not limited to, defenses available under Rule 12 of the Federal Rules of Civil Procedure.

34.     Schindler presents along with this filing the sum of $350.00 as required by 28 U.S.C. §1446.

35.     The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

WHEREFORE, Defendant, Schindler Elevator Corporation, files this Notice of Removal and removes this civil action to the United States.  Plaintiff is notified to proceed no further in this state court case unless this case should be remanded by Order of said United States District Court.

This 14th day of March 2012.

**THE AUBERT LAW FIRM**


BY: ___/s/ Christopher J. Aubert_____
CHRISTOPHER J. AUBERT, T.A.
Louisiana State Bar Association No. 14057
JAMES G. WASHBURN
Louisiana State Bar Association No. 18039
506 E. Rutland Street
Covington, Louisiana 70433
Telephone: (985) 809-2000
Facsimile:  (985) 809-2001
E-mail: caubert@aubertlaw.com
E-mail: jwashburn@aubertlaw.com
ATTORNEYS FOR SCHINDLER ELEVATOR CORPORATION




<u>**CERTIFICATE OF SERVICE**</u>

I certify that the foregoing Notice of Removal was filed electronically with the Clerk of
Court using the CM/ECF system.  Notice of this filing will be sent to the following counsel, by
operation of the court's electronic filing system, on this 14th day of March 2012:

> Vincent P. Scallan, Esquire
> THE CALUDA LAW FIRM
> 3232 Edenborn Avenue
> Metairie, Louisiana 70002
> E-mail: vpscallan@gmail.com
> ATTORNEY FOR PLAINTIFF


> /s/ Christopher J. Aubert_____
> CHRISTOPHER J. AUBERT